
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: YELLOWSTONE MOUNTAIN CLUB, LLC, <br><br> Debtor, <br><br> ——————————————— <br><br> DESERT RANCH MANAGEMENT LLC; TIMOTHY L. BLIXSETH, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BRIAN A. GLASSER, Successor Trustee of The Yellowstone Club Liquidating Trust, <br><br> Defendant - Appellee. | No. 14-35697 <br><br> D.C. No. 2:14-cv-00002-DWM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted February 25, 2016
Pasadena, California

Before: KOZINSKI, PAEZ, and BERZON, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Timothy L. Blixseth ("Blixseth"), Desert Ranch LLLP, and Desert Ranch Management, LLC ("Desert Ranch") appeal the district court's order affirming the bankruptcy court's grant of a preliminary injunction. The bankruptcy court enjoined Blixseth and Desert Ranch from "spending, transferring, concealing, dissipating, disposing, assigning, hypothecating and/or encumbering any of their assets in an amount or of a value that exceeds $5,000.00 without prior Court approval" until the litigation in Adversary Proceeding No. 10-00015 was resolved or the judgment in Adversary Proceeding No. 09-00014 was fully satisfied or bonded. We affirm.

The bankruptcy court correctly concluded that the plaintiff in the adversary proceeding, Brian A. Glasser, was entitled to a preliminary injunction because he demonstrated a strong likelihood of success on the merits, likelihood of irreparable harm, a balance of equities that tipped in Glasser's favor, and that an injunction would advance the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

We reject Blixseth's argument that the bankruptcy court lacked constitutional authority to issue the preliminary injunction. Title 11 authorizes bankruptcy courts to issue any order "that is necessary or appropriate to carry out the provisions of" the bankruptcy code, 11 U.S.C. § 105(a), including preliminary

2

injunctions. In *Stern v. Marshall*, the Supreme Court held that bankruptcy courts "lack[] the constitutional authority to enter a *final judgment* on a state law counterclaim." 131 S. Ct. 2594, 2620 (2011) (emphasis added). Here, however, the bankruptcy court issued a preliminary injunction, not a final judgment.

**AFFIRMED.**

3